IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EDWARD EVERETT BROWN,  )
JR.,  )
 )
   Plaintiff,  )
 )
  v.  )   Civ. No. 06-551-***
 )
GERALD F. MCQUAID d/b/a  )
Chevy Chase FSB US Vessel V-P  )
Bank Operation, et al.,  )
 )
   Defendants.  )

**ORDER**

   This case was filed by Edward Everett: Brown, Jr., who proceeds pro se.  The

complaint in the above-captioned case was filed on September 6, 2006, and is

captioned as an admiralty case.  (D.I. 1.)  The civil cover sheet states that the nature of

the suit is a contract action for recovery of overpayment and enforcement of judgment.

The civil cover sheet described the cause as "foreign jurisdiction."  Attached to the

complaint is a document from the State of Maryland Department of Assessments and

Taxation confirming an amendment to File No. 181264183, a receipt of the filing fee

payment and a one page document entitled UCC Financing Statement Amendment

signed by the plaintiff as "Secured Party Creditor Without Recourse UCC-1-308."  On

the same date that the complaint was filed, plaintiff filed a document entitled, "Notice of

International Commercial Claim in Admiralty Administrative Remedy."  (D.I. 2.)  Plaintiff

also filed a "Letter Rogatory" asking the court to file "this judgment."  (D.I. 3.)  Along

with the documents plaintiff remitted a $39.00 filing fee, the normal filing fee to register

a foreign judgment.

Based upon the main document entitled in part as an amended petition and complaint within the admiralty, the court construed the case as an admiralty case. (D.I. 1.) On January 3, 2007, ordered plaintiff to show cause why this case should not be dismissed for failure to pay the filing fee or submit appropriate documents for leave to proceed in forma pauperis. In response, plaintiff filed a second "Letter Rogatory" identical to the one found at D.I. 3. (D.I. 8.) He did not address the issue of the $350.00 filing fee or submit documentation to proceed in forma pauperis status. Indeed, he failed to show cause why this case should not be dismissed for failure to pay the filing fee or submit the appropriate documents for leave to proceed in forma pauperis.

Because plaintiff proceeds pro se, the court once again reviewed the file, and while not clear, it appears that plaintiff wishes the court to register a foreign judgment. "A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. At no time, however, has plaintiff provided to the court a certified copy of a judgment.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall advise the court within thirty (30) days from the date of this order if this case is to proceed as a civil admiralty action **OR** if the matter shall proceed solely to register a foreign judgment. Failure to timely advise the court how the matter shall

proceed will result in the dismissal of the case.

2.  If the matter is to proceed as a civil admiralty action, within thirty (30) days, plaintiff shall pay the $350.00 filing fee.  If plaintiff does not timely pay the filing fee within that time, the complaint shall be dismissed.

3.  If the matter was filed solely to register a foreign judgment, within thirty (30) days, plaintiff shall submit to the court a certified copy of the foreign judgment to be registered and pay the $39.00 filing fee.  If plaintiff does not timely submit a certified copy of the foreign judgment and the $39.00 fee to register it, the case will be closed.

Honorable Mary Pat Thynge
U.S. Magistrate Judge

3