IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD EVERETT BROWN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-551-SLR |
| ) | |
| GERALD F. MCQUAID d/b/a Chevy ) | |
| Chase FSB US Vessel V-P Bank ) | |
| Operation, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 9th day of May, 2007, this cause coming before the court on plaintiff's notice of international commercial claim in admiralty administrative remedy to be registered in this court as a foreign judgment;

IT IS ORDERED that the case is dismissed for lack of subject matter jurisdiction and the clerk of the court is directed to return plaintiff's check for the filing fee and to close the case, for the reasons that follow:

1. **Background.** This case was filed by Edward Everett: Brown, Jr., who proceeds pro se. The complaint was filed on September 6, 2006, and is captioned as an admiralty case. (D.I. 1) The civil cover sheet states that the nature of the suit is a contract action for recovery of overpayment and enforcement of judgment and describes the action as "foreign jurisdiction." Attached to the complaint is a document from the State of Maryland Department of Assessments and Taxation confirming an amendment to File No. 181264183, a receipt of the filing fee payment and a one page document entitled UCC Financing Statement Amendment signed by the plaintiff as

"Secured Party Creditor Without Recourse UCC-1-308." Along with his filing, plaintiff remitted a $39.00 filing fee, the normal fee to register a foreign judgment. Because it appeared that plaintiff was filing a civil case and had not remitted the correct amount, the check was returned to him. (D.I. 5) On March 22, 2007, the court entered an order for plaintiff to advise if this case was to proceed as a civil admiralty action or if the matter was to register a foreign judgment. (D.I. 9) On April 24, 2007, plaintiff submitted an official looking document, complete with a gold seal, entitled "Notice of International Commercial Claim in Admiralty Administrative Remedy" and submitted a second $39.00 check as payment to register the judgment. (D.I. 10)

2. **Standard of Review**. A federal court may, at any time, raise the issue of whether it properly has subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). The court is not limited to the face of the pleadings in determining whether it has subject matter jurisdiction; it "may review any evidence to resolve factual disputes concerning the existence of jurisdiction." Norman v. United States, No. 95-4111, 1996 WL 377136, at *1 (E.D. Pa. July 3, 1996), aff'd, 111 F.3d 356 (3d Cir. 1997).

3. "A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963.

4. **Discussion**. The purported source of plaintiff's administrative award appears

to be an "International Commercial Claim in Admiralty Administrative Remedy". The court is unfamiliar with this agency and/or judicial branch. Courts that have considered "International Commercial Claims" have found them to be without merit. See Mock v. Merck & Co., Inc., No. 3:06mc1/MCR/EMT, 2006 WL 2094677 (N.D. Fla. Jul. 27, 2006) (admiralty administrative remedy judgment is not enforceable through the federal registration statute); Hibben v. Countrywide Home Loans, Inc., No. 05 C 4262, 2005 WL 3262971 (N.D. Ill. Nov. 29, 2005); Peters v. BMW of N. America, Inc., No. Civ.A. DKC2004-3451, 2005 WL 2250785 (D. Md. Sept. 15, 2005); United States v. Dutson, Nov. CIV.04-2585 PHX EHC, 2005 WL 605831 (D. Ariz. Mar. 10, 2005) (documents have no legal force or effect and are unenforceable).

5. Upon review of plaintiff's pleading, the court concludes that plaintiff has failed to establish a jurisdictional basis for this action. Although federal law provides for the registration of foreign judgments for enforcement, that statute applies only to judgments of other federal courts of appeals, district courts, bankruptcy courts, and the Court of International Trade. See 28 U.S.C. § 1963. Plaintiff's filings do not fall within the scope of § 1963. Inasmuch as plaintiff has failed to provide a judgment that is enforceable through the federal registration statute, he has failed to demonstrate a jurisdictional basis for this action.

7. **Conclusion.** Based upon the foregoing analysis, the case is dismissed for lack of subject matter jurisdiction. The clerk of the court is directed to return plaintiff's $39.00 filing fee check. The clerk of the court is further directed to close this case.

_____
UNITED STATES DISTRICT JUDGE

3